UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEREMY HENKEN,

    Plaintiff,

vs.

IW TRUST FUNDS,

    Defendant.

Case No. 3:20-cv-371

District Judge Michael J. Newman

---

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO SET ASIDE DISMISSAL PURSUANT TO RULE 60(b) (DOC. NO. 28); (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO APPEAR PRO HAC VICE (DOC. NO. 34); AND (3) DENYING AS MOOT PLAINTIFF'S MOTION TO WAIVE THE LOCAL COUNSEL REQUIREMENT (DOC. NO. 35)**

---

This civil case is before the Court on Plaintiff's motion to set aside dismissal under Fed. R. Civ. P. 60. Doc. No. 28. Defendant opposes. Doc. No. 30. Plaintiff also filed a motion to appear *pro hac vice* and a motion to waive the local counsel requirement under S.D. Ohio Civ. R. 8.3(e). Doc. No. 34; Doc. No. 35. Defendant also opposes. Doc. No. 36. The court has considered the foregoing, and this case is ripe for review.

**I.**

This case began in the United States District Court for the Western District of Kentucky, where Plaintiff alleged that he was owed benefits from Defendant, a retirement benefit fund located in Ohio. Doc. No. 10 at PageID 53. On September 4, 2020, United States District Judge Charles R. Simpson granted Defendant's motion to change venue and transferred the case to this Court. Doc. No. 17.

On October 26, 2020, Defendant moved for a judgment on the administrative record. Doc. No. 19. Plaintiff did not timely respond. Doc. No. 23 at PageID 774. As a result, the Court

ordered Plaintiff to show cause, by December 8, 2020, why he had not responded. *Id.* By March 9, 2021, Plaintiff had not responded, so the Court -- based on Defendant's unopposed motion and the pleadings -- granted the motion and entered judgment in Defendant's favor, terminating this case from the Court's docket. Doc. No. 24 at PageID 782.

On June 29, 2021, Plaintiff's counsel filed a motion to set aside the Court's judgment under Fed. R. Civ. Pro. 60. Doc. No. 28. In this motion and an affidavit, Plaintiff's counsel claimed that he never received notification through CM/ECF from the Court or Defendant about this case after its transfer. *Id.* at 1057; Doc. No. 27. Plaintiff's counsel alleged that the COVID-19 pandemic made him "not concerned" about the case's progress. Doc. No. 28 at PageID 1057–58. Specifically, Plaintiff's counsel asserts that, because he could not access CM/ECF because it did "not accept Plaintiff counsel's user name or password," the judgment should be set aside. *Id.* at PageID 1057.[1]

## II.

The Sixth Circuit strictly upholds the "deeply embedded judicial and legislative policy in favor of keeping final judgments final." *Cummins v. Greater Cleveland Regional Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017) (first citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950); and then citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.3d 368, 372 (6th Cir. 1992)). But Fed. R. Civ. P. 60(b) is the exception to this rule, offering "six discrete paths for undoing a final judgment." *Id.* These paths are: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence that could not have been discovered with reasonable

---

[1] While Plaintiff characterizes his motion as one to "vacate a default judgment" and cites to the standard for vacating a default judgment, Doc. No. 28 at PageID 1058, this is a mischaracterization. Rather than decide Defendant's motion for judgment on administrative record by default, the Court ruled on its merits -- based solely on the record, motions, and pleadings in this case. *See* Doc. No. 31. Thus, Plaintiff's motion is simply a Rule 60 motion, rather than a Rule 55 motion. *See United States v. Foster*, No. 09-cv-15074, 2011 WL 3497304, at *2 (E.D. Mich. July 15, 2011).

2

diligence in time to move for a new trial; (3) fraud, misrepresentation, or misconduct; (4) "the judgment is void"; (5) either the judgment was satisfied, discharged, or released; it was reversed or vacated; or applying it is "no longer equitable"; or (6) any other justification for relief. Fed. R. Civ. P. 60(b)(1)–(6). The moving party carries the burden under Rule 60. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

### III.

#### A. Service Standards in the Southern District of Ohio

Electronic filing qualifies as service under Fed. R. Civ. P. 5 in the Southern District of Ohio. *See* Fed. R. Civ. P. 5(b)(2)(E); S.D. Ohio Civ. R. 5.2(b) ("Any party may make service through the Court's ECF system on parties who are registered users of the system as provided in Fed. R. Civ. P. 5(b)(2)(E)"). In the Electronic Filing Policies and Procedures Manual ("ECF Manual"), which applies in this district, if a party files a document electronically, then the system generates an electronic filing notice to all counsel of record. ECF Manual at 1.3. Because service on an attorney constitutes service on the party, then "electronic service on [the attorney] constitutes service on [the party]." *MSCI 2007-IQ16 Granville Retail, LLC v. UHA Corp.*, No. 2:11-cv-487, 2016 WL 1728333, at *3 (S.D. Ohio May 2, 2016) (first citing Fed. R. Civ. P. 5(b)(1), (2)(E); and then citing S.D. Ohio Civ. R. 5.2(b)). Courts have recognized that "a presumption of delivery and receipt … appl[ies] to emails sent via the court's CM/ECF system." *Am. Boat Co. v. Unknown Sunken Barge*, 567 F.3d 348, 350 (8th Cir. 2009) (citing *Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005)); *Holland v. Red River Trucking, LLC*, No. 10-cv-218-JMH, 2011 WL 13318616, at *3 (E.D. Ky. Jan. 12, 2011).

The Court finds that Plaintiff's argument -- that his attorney did not receive notice of filing -- fails to show relief under Rule 60(b) is warranted. The Court's ECF system automatically

3

generates notice to the parties' counsel of record, as it did here, of every electronically filed document. *See* Doc. No. 31-2; Doc. No. 31-3; Doc. No. 31-4; Doc. No. 31-5.  In addition, although Plaintiff's counsel did not object to, or respond to, Defendant's motion to change venue, *see* Doc. No. 16 at PageID 463, the resulting order transferring venue was automatically emailed to Plaintiff's attorney's email address, "raflorioatty@hotmail.com."  This fact is established by the notice of electronic filing related to District Judge Simpson's Order transferring venue.  Thus, the presumption applies and indicates that Plaintiff's attorney was on notice about the case.  *See Holland*, 2011 WL 13318616, at *3 (refusing to set aside judgment when plaintiffs did not "explain how only three of the more than forty e-mail notices sent by CM/ECF did not reach [the plaintiffs' attorney]").

In support of his presently pending motion to set aside dismissal, Plaintiff's counsel submits his own affidavit, stating, "he has never received any correspondence, pleading, written document, letter, text or phone call relating to the above referenced matter since it was transferred to the United States District Court for the Southern District of Ohio."  Doc. No. 27.  Yet, notice was sent automatically to his email address listed -- "raflorioatty@hotmail.com -- so this, standing alone, is not sufficient to overcome the presumption.  *See, e.g., Am. Boat Co.*, 418 F.3d at 914 (finding presumption overcome only where counsel for all parties and multiple court employees swore that they never received email notice).  As no other party indicated issues with receiving notice through CM/ECF, Plaintiff's "mere denial of receipt" will not rebut the presumption.  *Am. Boat. Co. v. Unknown Sunken Barge*, No. 1:01CV00021 RWS, 2008 WL 1821500, at *10 (E.D. Mo. Apr. 22, 2008) (citing *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001)).

**B.  Rule 60(b)(1)**

4

As a threshold matter, the Court finds that several Rule 60(b) factors are irrelevant to this case. There is no newly discovered evidence (Rule 60(b)(2)), fraud (Rule 60(b)(3)), or assertion that the Court lacked jurisdiction, which would render the judgment void (Rule 60(b)(4)). *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).[2] Thus, the Court reviews Plaintiff's motion under the remaining two factors -- whether (1) there was "mistake, inadvertence, surprise, or excusable neglect"; or (2) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (4).

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability -- that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.'" *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011)). "A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* at 628–29 (quoting *Flynn*, 440 F. App'x at 458)). Because a party is culpable for their attorneys' mistakes, when "assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.'" *McCurry*, 298 F.3d at 595 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)).[3]

Attorneys have an "affirmative duty," which is "minimal," to monitor the electronic docket. *Yeschick*, 675 F.3d at 629 ("Attorneys may monitor the docket from the comfort of their offices;

---

[2] While Plaintiff does not assert that something disrupted service, even "error[s] in service" would not "render the Court's judgment void" under Rule 60(b)(4). *See, e.g., United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010); *Choiniere v. Managed Health Servs.*, No. 2:09-cv-10166, 2009 WL 3834044, at *1 (E.D. Mich. Nov. 16, 2009).

[3] For "out-of-time" filings, the Sixth Circuit has used the factors in *Pioneer Investment Services v. Brunswick Associates*. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (citing *Pioneer Inv. Servs.*, 507 U.S. at 395). But these factors do not apply unless "procedural default has prevented the court from considering the true merits of a party's claim." *Id.* (first citing *Rice v. Consol. Rail Corp.*, No. 94-3963, 1995 WL 570911, at *6 (6th Cir. Sept. 27, 1995); and then citing *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685–86 (5th Cir. 1991)). The Court decided this case on the merits, so the factors here are not applicable. *See Jinks*, 250 F.3d at 386.

they simply need to log-on to the CM/ECF system from a computer" (citing *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007))). Essentially, attorneys must inform the Court promptly when they have technical issues before they allege failure to receive documents through ECF. *Id.* at 630.

Because the burden to monitor the electronic docket fell on Plaintiff's counsel, *see id.,* his failure to do so does not constitute "excusable neglect." Plaintiff's situation is nearly identical to the plaintiff's situation in *Yeschick v. Mineta*. *Id.* There, the Sixth Circuit upheld the district court's refusal to grant a Rule 60(b) motion after it granted summary judgment against the plaintiff because the attorney stopped receiving emails from the court. *Id.* at 627. Finding that the attorney carried the burden, rather than the court, to stay apprised of technical difficulties, the Sixth Circuit held that the attorney's refusal to monitor the electronic docket for over a month was not excusable neglect. *Id.* at 630. "[T]he ability to access the electronic docketing system directly" was "within [the attorney's] control," so the Sixth Circuit upheld the district court's refusal to relieve the plaintiff from judgment. *Id.* at 631. The Sixth Circuit emphasized, "regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket." *Id.* at 630 (citing *Kuhn*, 498 F.3d at 370–71).

Plaintiff's situation is identical. Here, Plaintiff's attorney alleges that he did not receive emails or ECF notifications for months since venue transferred to this Court. Doc. No. 27 at PageID 1055; Doc. No. 28 at PageID 1057. Given that Judge Simpson transferred this case on September 5, 2020, Plaintiff's attorney apparently did not check the docket for over a year -- a far more "inexcusable" time than the one month in *Yeschick*. 675 F.3d at 631 (citing *Burnley v. Bosch Am. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003)). At some point, an attorney's duty of diligence would compel him to at least inquire about his case; the fact that Plaintiff's counsel swears that he

6

received no ECF notice does not usurp this duty or excuse counsel's passivity. *See, e.g., Boone v. Lazaroff*, No. 2:17-cv-332, 2020 WL 2711403, at *3-5 (S.D. Ohio May 26, 2020) (finding that logic in *Yeschick* applied where mistakes "were all those of an attorney who was supposed to be actively litigating the case"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit"). Plaintiff's counsel's failure to track his case cannot be excusable neglect because even "gross carelessness" yields to an attorney's duty of diligence -- one that he did not exercise here. *Yeschick*, 675 F.3d at 631 (citing *B & D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, at *3 (6th Cir. May 9, 2006)); *see also Tri-Corners Invs. LLC v. First Def. Int'l Grp., Inc.*, 361 F. App'x 629, 632 (6th Cir. 2010) (finding inexcusable neglect where party failed to open its mail for months).

Likewise, it is unavailing for Plaintiff's counsel to argue that he could not use his CM/ECF username or password to access the docket. Doc. No. 28 at PageID 1057. At no point does Plaintiff's attorney swear to have tried to contact the Court, technical support, or even Defendant prior to June 2, 2021. *Id.* at 1058. This further demonstrates Plaintiff's attorney's total failure to track his case, which Rule 60(b)(1) does not cover. *See Keybank Nat'l Ass'n v. Lake Villa Oxford Assocs., LLC*, No. 12-13611, 2013 WL 466197, at *4 (E.D. Mich. Feb. 7, 2013) (refusing to grant Rule 60(b)(1) motion where court entered motion for fees after counsel failed to regularly check docket).

### C. Rule 60(b)(6)

Plaintiff is not entitled to relief under Rule 60(b)(6). "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule and where principles of equity *mandate* relief." *Broach v. City of Cincinnati*,

244 F. App'x 729, 735 (6th Cir. 2007) (cleaned up). Essentially, this exception requires "something more," and encompasses "unusual and extreme situations" that fall outside of the first five exceptions. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015)). The average "attorney error" will not satisfy "this rigorous standard." *McCurry*, 298 F.3d at 596. Before denying relief, the Court must "intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). Yet in "rare cases, [the Sixth Circuit has] found a lawyer's failures sufficiently egregious to warrant relief under Rule 60(b)(6)." *Doyle v. Mut. of Omaha Ins. Co.*, 504 F. App'x 380, 383 (6th Cir. 2012) (collecting cases).

Nothing in this case presents an "extraordinary circumstance" justifying relief under Rule 60(b)(6); rather, this is garden variety neglect. *Contra Reno v. Int'l Harvester Co.*, 115 F.R.D. 6, 8–10 (S.D. Ohio 1985) (granting Rule 60(b)(6) motion where counsel totally abandoned plaintiff's case). Nothing suggests that Plaintiff's attorney's failure to check the electronic docket was the kind of extreme misconduct worthy of Rule 60(b)(6) relief. *See Travelers Cas. & Sur. Co. of Am. v. J.O.A. Constr. Co.*, 479 F. App'x 684, 696–98 (6th Cir. 2012) (affirming district court's denial of Rule 60(b)(6) motion where attorney's failure to perform diligently was not extreme misconduct). Moreover, the Court's interest in having finality so that Defendant may make routine payments to beneficiaries outweighs any countervailing concern. *See Blue Diamond Coal Co.*, 249 F.3d at 528–29. Thus, the Court does not find that relief under Rule 60(b)(6) is appropriate.

**IV.**

The Court finds no merit in Plaintiff's motion to set aside dismissal pursuant to Fed. R. Civ. P. 60. Therefore, the Court **DENIES** Plaintiff's motion. Doc. No. 28. The Court also

8

**DENIES** as moot Plaintiff's motion for leave to appear *pro hac vice* and motion to waive the local counsel requirement.  Doc. No. 34; Doc. No. 35.  Accordingly, this case remains **TERMINATED** on the docket.

    **IT IS SO ORDERED.**

  October 19, 2021                                                           /s Michael J. Newman
                                                                                  Hon. Michael J. Newman
                                                                                  United States District Judge